Letty WOOD, et al.

v.

J.E. KLING.

Civ. A. No. 83–0014–R.

United States District Court,
E.D. Virginia,
Richmond Division.

June 16, 1983.

Thomas W. Papa, Chaplin & Papa, Richmond, Va., for plaintiffs.

Steven L. Micas, County Atty., County of Chesterfield, Jeffrey L. Mincks, Asst. County Atty., Chesterfield, Va., for defendant.

## OPINION AND ORDER

WARRINER, District Judge.

Plaintiffs, hereinafter "Husband" and "Wife" filed these actions on 5 January 1983. On 31 January, defendant filed an answer and a motion for summary judgment in response to Husband's complaint and an answer and a motion to dismiss to Wife's complaint. On 31 January and 2 February, defendant filed motions to consolidate the two cases, which motions were granted by order entered 9 March.

In its order of 25 March, the Court denied defendant's motion to dismiss plaintiff Wife's complaint for failure to state a claim, concluding that it would be inappropriate to grant a motion to dismiss based on the limited, unverified facts before the Court for purposes of the motion. *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). No further motions have been made regarding disposition of plaintiff Wife's action.

In its opinion and order of 25 March, the Court concluded that plaintiff Husband had

failed to respond to the affidavit accompanying defendant's motion for summary judgment and that he was consequently vulnerable to an adverse grant of summary judgment under Rule 56(e), Fed.R.Civ.P. The Court granted judgment to defendant on Husband's claims. On 1 April, plaintiff Husband filed a motion for relief from this adverse judgment. Defendant moved the Court for attorneys' fees on 4 April and plaintiff Husband filed a brief in opposition to defendant's motion for attorneys' fee on 18 April.

In his memorandum in support of plaintiff's motion for relief from judgment, counsel states that he failed to respond to defendant's motion for summary judgment because he misconstrued Rule 11(I), Local Rules of Practice,[1] as providing a subsequent opportunity for plaintiff to be heard. Plaintiff states that defendant had at the initial pre-trial conference of 9 March represented that he intended to file a supplementary pleading. Counsel also seeks relief based on his lack of acquaintance with the Federal Rules of Civil Procedure and on his impression both that the Court's docket was congested and that there was no reason to expedite discovery. Counsel also adds that plaintiff Husband was at that time residing out of town.

Defendant responds that on 9 March, the date of the initial pre-trial conference in this action, he raised the issue at conference of plaintiff's failure to respond to the summary judgment motion in a timely manner, which assertion plaintiff disputes.

The Court granted defendant's motion for summary judgment on 25 March based on its conclusion that defendant's affidavit was sufficient in itself, plaintiff having failed to counter it, to show the absence of a genuine issue of material fact. Plaintiff's Rule 60(b) motion of relief for judgment calls into question the accuracy of this conclusion and urges that summary judgment was not appropriate or fair under the circumstances behind plaintiff's failure to respond to defendant's summary judgment motion.

■ The Court has reconsidered the averments of defendant's motion for summary judgment to ensure that defendant was entitled to summary judgment on the merits, rather than on grounds of plaintiff's default under Rule 56(e).[2] The Court concludes that defendant is indeed entitled to summary judgment on the merits. *Sellers v. Roper,* 554 F.Supp. 202 (E.D.Va.1982); *Dandridge v. City of Richmond,* 566 F.Supp. 152 (E.D.Va.1983) (slip opinion); *Screws v. United States,* 325 U.S. 91, 108, 65 S.Ct. 1031, 1038, 89 L.Ed. 1495 (1944).

■ When a Rule 60(b)(1) motion is made, a district court denies or grants relief based on its discretionary appraisal of the particular facts of the case. *Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573, 576 (4th Cir.1973). A number of cases have held that neither ignorance nor carelessness of an attorney presents a cognizable ground for relief under Rule 60(b). *Cline v. Hoogland,* 518 F.2d 776 (8th Cir.1975); *Bershad v. McDonough,* 469 F.2d 1333 (7th Cir.1972); *Universal Film Exchanges, Inc. v. Lust, supra,* at 576 (counsel's reliance on other parties to the action to keep him informed as to the progress of the case and his decision not to file an answer enumerating defenses was grossly negligent and not excusable).

---

1. "The party filing any motion, response or other pleading requiring a ruling... by the Court prior to the actual time of trial, shall as soon as the same is ready therefore, have the obligation and duty to immediately bring it to the attention of the Court and to arrange for a hearing if a hearing be desired." Rule 11(I).

2. Rule 56(e) was not intended to modify the burden of the moving party under Rule 56(c) to show initially the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Until the movant has met his burden, the opposing party is under no obligation to present any evidence. *Moreno v. University of Maryland,* 420 F.Supp. 541 (D.C. Md.) aff'd., 556 F.2d 573 (4th Cir.), vacated on other grounds, 441 U.S. 458, 99 S.Ct. 2044, 60 L.Ed.2d 354. The proper inquiry then is to determine whether the moving party's affidavits are sufficient on their face to demonstrate the absence of material issues of fact. *Adickes v. S.H. Kress & Co., supra.*

Further, the Supreme Court has said that "there is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Universal Film Exchanges, Inc. v. Lust, supra,* at 576–577.

The Court concludes that summary judgment was properly granted to defendant under Rules 56(c) and 56(e). The Court cannot find that the excuses proffered by plaintiff's counsel or the circumstances of the case warrant relief from judgment for inadvertence or excusable neglect under Rule 60(b). Accordingly, it is hereby ORDERED that plaintiff's motion for relief is DENIED. The Court would emphasize again that plaintiff would not have prevailed on the facts before the Court, *see Sellers v. Roper, supra; Dandridge v. City of Richmond, supra,* counsel's failure to oppose defendant's affidavit aside. Further, the Court having concluded that plaintiff's cause is not frivolous, *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), since it represents a proper tort action for State court, defendant's motion for attorney's fees is DENIED.

And it is so ORDERED.