**Ben LLOYD, Plaintiff,**

v.

**CARNATION COMPANY, Defendant.**

**No. C–83–90–D.**

United States District Court, M.D. North Carolina, Durham Division.

March 28, 1984.

Odes L. Stroupe, Jr. and Edward S. Finley, Jr. of Hunton & Williams, Raleigh, N.C., for plaintiff.

Jack W. Floyd and Frank J. Sizemore, III of Smith, Moore, Smith, Schell & Hunter, Greensboro, N.C., for defendant.

## MEMORANDUM ORDER

HIRAM H. WARD, Chief Judge.

On January 5, 1984, the Court granted summary judgment for the defendant and entered its Judgment dismissing this lawsuit. Subsequently, plaintiff has filed a Motion to Vacate Judgment (March 5, 1984). During the period of these events plaintiff's counsel withdrew from the case and new counsel appeared for plaintiff. Plaintiff requested the Court to vacate the Judgment because it decided defendant's motion for summary judgment "without the benefit of evidence sufficient for reaching a fair and just decision ...," *i.e.*, because plaintiff's former attorney failed to submit certain evidence in opposition to defendant's motion. Plaintiff based the motion upon Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure. Defendant responded that Rule 60(b) provides no relief here from the calculated decision of former counsel regarding the response to defendant's motion for summary judgment.

■ Rules 60(b)(1) and 60(b)(6), Fed.R. Civ.P., provide that

> [o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b)(6), a catch-all provision, provides the trial court with essential equitable power to do justice in a particular case. When faced with motions such as plaintiff's the Court must balance the competing judicial interests of finality and repose against the basing of judgments upon all the facts. *Harman v. Pauley*, 678 F.2d 479, 481 (4th Cir.1982); *Great Coastal Express, Inc. v. Teamsters*, 675 F.2d 1349, 1354–55 (4th Cir. 1982), *cert. denied*, 459 U.S. 1128, 103 S.Ct.

764, 74 L.Ed.2d 978 (1983); *United States v. Moradi,* 673 F.2d 725, 727–28 (4th Cir. 1982); *Square Construction Co. v. WMATA,* 657 F.2d 68 (4th Cir.1981); *Compton v. Alton Steamship Co.,* 608 F.2d 96, 102 (4th Cir.1979). In cases of default, there appears to be a clear preference to set judgments aside whenever resolution of the Rule 60 motion is uncertain. *United States v. Moradi,* 673 F.2d 725; *Compton v. Alton Steamship Co.,* 608 F.2d at 102–103. Furthermore, the policy behind the rules of procedure is the encouragement of disposition of claims on their merits. *United States v. Moradi,* 673 F.2d at 727.

■ In balancing the competing interests of finality and judgments based on all the facts, the Court must keep in mind that Rule 60(b) is not meant to relieve any litigant of strategic or tactical decisions which later prove to be improvident. *Good Luck Nursing Home, Inc. v. Harris,* 636 F.2d 572, 577 (D.C.Cir.1980). "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 211–12, 95 L.Ed. 207, 211 (1950).

Plaintiff's dispute with the defendant (and others) has been in litigation in state and federal court for approximately five years. In 1979 plaintiff sued the defendant and two individuals, one of whom was defendant's employee, in state court. Plaintiff's former counsel appeared in this state court action. The parties proceeded to trial in that action in January, 1982, following discovery, but plaintiff took a voluntary dismissal of that action against the defendant following his presentation of evidence for several days. Plaintiff's claims against the individual defendants were dismissed. *Lloyd v. Carnation Co.,* 61 N.C.App. 381, 301 S.E.2d 414 (1983).

On January 10, 1983, plaintiff instituted this action against the defendant alone in state court and defendant removed it to federal court on February 8, 1983. Defendant filed its motion for summary judgment in September, 1983, without submitting any evidence in support of the motion as required by Fed.R.Civ.P. 56(c). Plaintiff's former counsel responded in October, 1983, and submitted an affidavit by plaintiff. The Complaint was verified and had several exhibits attached to it. The motion did not come before the Court at that time because the parties submitted a Joint Motion to Extend Discovery on October 24, 1983, which the Court granted extending discovery for sixty days. On December 6, 1983, defendant filed the affidavits of two employees and the plaintiff's entire deposition which had been taken in 1979. The Court received oral arguments on December 21, 1983. The arguments of plaintiff's former counsel did not indicate any lack of preparation or peculiar deficiency. When the Court reviewed the evidence it had a verified complaint and exhibits, plaintiff's affidavit, and plaintiff's lengthy deposition as well as a lengthy and well-done brief by former counsel. By his motion to vacate judgment plaintiff now desires the opportunity to change tactics or for a second bite at the apple by different counsel.

■ A party is deemed bound by the acts of his lawyer. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734, 740 (1962). Rule 60(b) is not intended to relieve a party from the consequences of calculated, deliberate choices and "[a] defeated litigant cannot set aside a judgment ... because he failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court." 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2858 at 173 & § 2864 at 214 (1973); *see also Couch v. Travelers Insurance Co.,* 551 F.2d 958, 959 (5th Cir. 1977) (cannot set aside summary judgment because losing party failed to present all the facts). Plaintiff has not represented that the evidence he desires the Court to now consider is newly discovered evidence. *Cf., Mas Marques v. Digital Equipment Co.,* 637 F.2d 24, 29–30 (1st Cir.1980) (judgment not vacated because no showing information in new affidavit learned after judgment and no exceptional circumstances shown). Although plaintiff has not estab-

lished that his former attorney was careless in handling the response to defendant's motion, such carelessness of an attorney is generally not cognizable under Rule 60(b). *Cline v. Hoogland,* 518 F.2d 776, 778 (8th Cir.1975). The Supreme Court has stated that "keeping [a] suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the *defendant." Link v. Wabash Railroad Co.,* 370 U.S. at 634 n. 10, 82 S.Ct. at 1390, 8 L.Ed.2d at 740 n. 10 (emphasis in original).

A final factor weighing against plaintiff's motion is the fact that plaintiff has not been denied a decision on the merits, although all the evidence apparently was not before the Court.[1] Hence, dismissal of plaintiff's lawsuit must be contrasted with dismissals based upon default or failure to prosecute. *See Cline v. Hoogland,* 518 F.2d at 778 (carelessness of attorney to respond to defendant's summary judgment motion did not deny plaintiff a decision on the merits). Here, the parties presented the Court numerous exhibits and affidavits and plaintiff's deposition. Under these circumstances, the granting of defendant's motion was not unjust or unfair to plaintiff. Indeed, if a litigant could obtain the vacating of summary judgment because his counsel, who has been involved in this or similar litigation for the past five years, fails to submit certain evidence,[2] then no decision granting summary judgment could ever be final. Defending litigants who have been successful in obtaining summary judgment are entitled to not have such judgments so easily toppled.

IT IS, THEREFORE, ORDERED that plaintiff's motion to vacate judgment be, and the same hereby is, DENIED.

---

1. Plaintiff's new evidence consisted of several affidavits including a new affidavit by plaintiff with several attached exhibits together with depositions of three other individuals. Nothing appears in these materials of such a marked stature as to cause the Court to believe that the plaintiff is the victim of some injustice. Plaintiff made clear that the shortage problem continued past the 1974 to early 1977 period when defendant had some high quality bulls and he also testified that in the fall of 1980 the defendant refused for an unspecified reason to sell anymore semen to plaintiff. Motion to Vacate Judgment, Affidavit of Ben Lloyd at ¶¶ 20 & 30 (March 5, 1984). Plaintiff reiterated the fact that he and the defendant had no agreement as to pricing and added that he sometimes tried to sell semen above the suggested list price. Lloyd Affidavit at ¶¶ 12–13. The Court notes with

particular interest plaintiff's testimony at paragraph 13 (*see also* Exhibit 9) of his Affidavit that an employee of defendant warned him not to sell a *semen,* "Optimil," above the defendant's list price in early 1972. This employee, M.J. Neverman, testified that the product in question was Optimil, a calf feed. Defendant's Brief in Opposition to Plaintiff's Motion to Vacate Judgment, Deposition of M.J. Neverman (one page excerpt) (March 22, 1984). Several price lists for bull semen submitted by plaintiff as attachments to his Affidavit, Exhibits 5, 6, 7, & 8, do not list an "Optimil."

2. The bulk of the evidence plaintiff would now have the Court consider is somewhat cumulative of the matters related by plaintiff in his deposition.