Randolph O. **MOELLER,** Executor for **"Probate Proceeding, Will of John Nelson Borland, III, Deceased" Account No. P–547–93, Plaintiff,**

v.

Charles J. **D'ARRIGO, Defendant.**

Civ. A. No. 2:95cv477.

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 20, 1995.

490

Randolph O. Moeller, Virginia Beach, VA, pro se.

Jill Theresa Bowers, Office of the Attorney General, Commonwealth of Virginia, Richmond, VA, Carolyn Cairns Olson, State of New York Department of Law, New York City, for defendant.

## ORDER

DOUMAR, District Judge.

This matter comes before the Court on a submission by plaintiff that the Court interprets to be a Fed.R.Civ.P. Rule 60(b) Motion for Relief From Judgment or Order. For the reasons set out below, plaintiff's motion is DENIED.

I. *Facts and Procedural History*

According to plaintiff's complaint, plaintiff is a resident of Virginia who was named executor of the estate in the will of a New York resident, John N. Borland. The will was offered into probate in the Surrogate's Court, Richmond County, New York, but objections to the will were made by the deceased's children, claiming fraud and undue influence. Plaintiff was offended by the allegations. The defendant, Hon. Charles J. D'Arrigo, apparently "refused [plaintiff] access to the record" but granted plaintiff a 60–day continuance. Compl. ¶ 19. "On April 26, 1995, the alternate executor of the proceeding, Martin Andrews, appeared for the Executor but was denied access to the record." Compl. ¶ 24. Plaintiff filed an action in this Court asking this court to intervene in

the ongoing probate proceeding in the Surrogate Court.

Defendant, represented by the Assistant Attorney General of the Commonwealth of Virginia and the Assistant Attorney General, New York State Department of Law, moved to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(1), (2), (3), (6), and (7) for lack of subject matter jurisdiction and personal jurisdiction, for improper venue, for failing to state a claim upon which relief may be granted, and for failure to join an indispensible party under Fed.R.Civ.P. Rule 19. Because the Court found that the complaint was lacking personal and subject matter jurisdiction, the complaint was dismissed by Order filed September 12, 1995, pursuant to Fed. R.Civ.P. Rule 12(b)(1) and (5).

By a submission entitled "Petition For Clarification" received by this Court October 17, 1995, more than thirty days after this Court's order dismissing the complaint, plaintiff asks that "[t]he above case account number be reassigned to a judge not prejudicial in this case." Petition at 4. Plaintiff appears to claim that "Natural Law" supplies this Court with jurisdiction; that plaintiff's action was "obstructed by a judges fraternal bar siblings (bar Attorneys)" [sic]; that "corporate entities called courts and corporate enforcement personnel called clerks and judges" have perpetrated a fraud upon plaintiff; "[t]hat malicious prosecution, malicious abuse of legal process and fraud, vehicles that feed the pocket books of Attorneys, has become the staple of United States justice"; that "since the court in question displays the federal and state military flags, Admiralty jurisdiction prevails ... [and thus] the natural Rights of the people have been extirpated in favor of merchant law (statutes) under martial law"[1]; and therefore that "this judge and Respondent took a lawful vehicle to protect one's Rights and undermined its integri-

ty and the integrity of this Court." Petition at 3–4.

Plaintiff has asserted no procedural grounds for his present submission. It is clear that this is not a proper Fed.R.Civ.P. Rule 59(e) Motion to Alter or Amend a Judgment, as Rule 59(e) requires the motion to be served not later than ten days after entry of judgment. The Court therefore interprets this submission as a Rule 60(b) Motion for Relief From Judgment or Order, and hereby DIRECTS the clerk to file the submission as of the date of this Order.

## II. *Analysis*

■ The Court is mindful that Moeller is proceeding *pro se,* and the Court is therefore bound to liberally and favorably construe any submissions. *Gordon v. Leeke,* 574 F.2d 1147, 1151–52 (4th Cir.), *cert. denied* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). However, no plausible reading of this "petition" provides a basis for disturbing this Court's Order of September 12, 1995.

■ Federal Rule of Civil Procedure 60(b) states that upon motion of a party and upon such terms that are just, the court may relieve a party from final judgment if based on any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ...; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b). Construing Plaintiff's motion in its most favorable light, plaintiff appears to be claiming mistake of law on the

---

1. Plaintiff directs the Court to Exhibit A, attached to the submission, which appears to be a copy of 4 U.S.C.A. § 1 containing the statute prescribing the size and proportions of the flag of the United States, c. 389, 61 Stat. 642 (1947), and the subsequent executive orders modifying and describing in detail the dimensions of the flag. The Court is unaware of any provision in the Constitution of the United States or the Unit-

ed States Code that provides for automatic jurisdiction over any matter where the Court flies a flag of the United States. Rather, it is clear to this Court that district courts, and federal courts in general, are of limited jurisdiction. *See, e.g.,* U.S. Const. art. III, §§ 1, 2; 28 U.S.C. §§ 1330 *et seq.. See also Pink v. Lester,* 52 F.3d 73, 75 (4th Cir.1995) (stating that "federal courts sit as courts of limited jurisdiction.").

part of the Court under 60(b)(1), fraud by an adverse party under 60(b)(3), or under the catch-all provision, 60(b)(6). The standards for granting a motion under each of the subsections of Rule 60(b) are clear and will be addressed in turn. As an initial step, however, to succeed under any subsection of Rule 60(b), plaintiff must show a meritorious defense to the September 12, 1995, Order, and that setting aside the order would not unfairly prejudice opposing parties. *National Credit Union Administration Board v. Gray,* 1 F.3d 262, 264 (4th Cir.1993) (citing *Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 896 (4th Cir.1987)). Despite plaintiff's various conclusory accusations of fraud and error, plaintiff has not presented one fact or pointed to one legal precedent supporting any meritorious defense or claim for relief.

### A. Fed.R.Civ.P. 60(b)(1)

As the Fourth Circuit in *Universal Film Exchanges, Inc. v. Lust* stated, "[t]o prevail, the Rule 60(b)(1) movant must demonstrate that he has a meritorious [claim] and that arguably one of the four conditions for relief applies—mistake, inadvertence, surprise or inexcusable neglect." 479 F.2d 573, 576 (4th Cir.1973) (emphasis omitted). Plaintiff has not alleged inadvertence, surprise or inexcusable neglect. Plaintiff's only claim under this subsection, then, is that the Court was mistaken in dismissing plaintiff's complaint for lack of personal and subject matter jurisdiction.

Though the Fourth Circuit has suggested that "mistake" might include legal errors of the deciding court, the Fourth Circuit has yet to directly address the issue of whether claims of errors in law are properly raised in a Rule 60(b)(1) motion. *See United States v. Williams,* 674 F.2d 310, 312–13 (4th Cir.1982) (citing precedent in other jurisdictions supporting the use of Rule 60(b)(1) for subsequent changes in the law, but not deciding the issue); *see also Malagrida v. Holland,* 19 F.3d 1429 (Table), 1994 WL 89336 *4 (4th Cir.1994) (unpublished) (noting that the Circuits were split on the issue, stating that the Fourth Circuit had yet to address the issue, and finding that the case before the Court did not require a decision on the issue).

As the Fourth Circuit noted in *Malagrida,* the Circuits are split on this issue. Some circuits hold that errors of law must be taken up on appeal, not on a Rule 60(b)(1) motion. *E.g., McKnight v. U.S. Steel Corp.,* 726 F.2d 333, 338 (7th Cir.1984); *Silk v. Sandoval,* 435 F.2d 1266, 1267–68 (1st Cir.), *cert. denied Silk v. Kleppe,* 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971). The Ninth Circuit has held that errors of law are cognizable under Rule 60(b)(1). *E.g., Liberty Mutual Ins. Co. v. E.E.O.C.,* 691 F.2d 438, 441 (9th Cir.1982). Other Circuits have taken a middle-ground approach, stating that a Rule 60(b)(1) motion claiming an error of law may be cognizable if, *inter alia,* it has been made within the time for appeal of the final judgment. *Barrier v. Beaver,* 712 F.2d 231, 234–35 (6th Cir.1983); *In re Texlon Corp.,* 596 F.2d 1092, 1100 & n. 7 (2d Cir.1979).

The Court first notes that plaintiff has not filed a notice of appeal, and that time has elapsed. *See* Fed.R.App.P Rule 4(a)(1) ("30 days from entry of judgment or order"). The Court further notes that this present submission was neither served nor received within the time for filing a notice of appeal.

Respect for the finality of judgments is deeply ingrained in our legal system.

> This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of persons and property if ... conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them.

*Southern Pacific R. Co. v. United States,* 168 U.S. 1, 49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897) (opinion of Harlan, J.). The Circuits that have limited the applicability of 60(b)(1) to either non-legal errors have stated, as a rationale for such a holding, that allowing legal errors to be raised any time within the one-year time period contemplated by Rule 60(b) would allow circumvention of the 30-day notice of appeal requirement in Fed.

R.App.P. Rule 4(a)(1). *E.g., McKnight,* 726 F.2d at 338. The wisdom of the rule in these Circuits is readily apparent. For example, the Seventh Circuit stated that the "appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for an appeal or a means to enlarge indirectly the time for appeal." *Id.* That is, without a limitation upon the applicability of 60(b)(1), if a party has failed to file a timely notice of appeal, it could raise its arguments of legal error again with the district court at any time during the one-year period and then appeal from that subsequent decision, if necessary. This would essentially turn Rule 60(b) into an alternative appeal provision.

Those Circuits that have taken the "middle ground" by allowing 60(b)(1) motions on the ground of legal error filed within the time for appeal have stated a similar rationale, but have attempted to weigh into the balance the cost of appeals where the district court is aware of its error and willing to change its ruling. For example, the Sixth Circuit in *Barrier* stated that allowing 60(b)(1) motions based on legal errors within the time period for appeal "serves the best interest of the judicial system by avoiding unnecessary appeals and allowing correction of legal errors if and when made." 712 F.2d at 234–35. *See also, In re Texlon,* 596 F.2d at 1100 n. 7 (quoting 11 Wright & Miller, Federal Practice and Procedure, § 2862 at 178 (1973) who stated that the "easiest group of cases" for a denial of a 60(b)(1) motion to correct judicial error were "those in which the error involved a fundamental misconception of law and the motion was not made until after the time for appeal had run."). This position also has merit, in that the costs of a timely appeal could be saved in circumstances where the district court is aware of its own mistake.

Even the Ninth Circuit has noted the wisdom of at least some limitations on 60(b)(1). In *Liberty Mutual,* the Ninth Circuit relied heavily upon an earlier decision of that Court, *Gila River Ranch, Inc. v. United States,* which favorably cited cases holding that "under Rule 60(b)(1) the trial judge can, within a reasonable time not exceeding the time for appeal, hold a rehearing and change his decision." 368 F.2d 354, 357 (9th Cir.

1966). Thus even the Ninth Circuit at one time appeared to follow the Rule that the 60(b)(1) motion based on alleged legal errors must be made within the time for appeal.

The First Circuit has identified another possible problem with Rule 60(b)(1) applying to legal errors in the district court. In *Silk,* the First Circuit stated that Rule 59(e), which allows the district courts to modify judgments, would be circumvented by a broad definition of "mistake" in 60(b)(1). 435 F.2d at 1267–68.

This Court need not decide whether the narrow reading of 60(b)(1) or the middle ground is appropriate, as plaintiff's motion is beyond the thirty-day time for appeal. Because the Court finds that 60(b)(1) was not intended to be an alternative appeal provision, the Court will not hear Rule 60(b)(1) motions alleging an error of law beyond the expiration of the time for appeal. In the instant case, therefore, the Court finds that plaintiff's motion, insofar as it claims an error of law, cannot be heard under Rule 60(b)(1). The Court further finds that, even if review under 60(b)(1) were appropriate, no change of the Court's dismissal would issue here, as the Court clearly was without jurisdiction over either the defendant or the subject matter of plaintiff's complaint.

### B. *Fed.R.Civ.P. 60(b)(3)*

Three factors must be developed before a motion under Rule 60(b)(3) may be granted: (1) the moving party must have a meritorious claim; (2) the moving party must prove the fraud or misconduct by clear and convincing evidence; and (3) the fraud or misconduct must have prevented the moving party from fully presenting its case. *Schultz v. Butcher,* 24 F.3d 626, 630 (4th Cir.1994) (citing *Square Construction Co. v. Washington Metro. Area Transit Auth.,* 657 F.2d 68, 71 (4th Cir.1981)). As stated above, plaintiff has not alleged anything that could remotely be construed as a meritorious claim. Further, the misconduct of the defendant that the plaintiff alleges, by plaintiff's own admission, did not occur before this Court or affect this Court's dismissal. The "fraud" of which plaintiff complains in fact is the original al-

leged misconduct that this Court found it lacked jurisdiction to address. Petition at ¶ 4 E & H. Such a claim is not cognizable under this Rule. *Cf., Schultz,* 24 F.3d at 630–31 (finding that a failure to produce relevant and material discovery materials, whether inadvertent or intentional, constitutes misconduct under 60(b)(3)); *Square Construction Co.,* 657 F.2d at 71 (same); *Metlyn Realty Corp. v. Esmark,* 763 F.2d 826, 832 (7th Cir.1985) (subornation of perjury permits reopening the case under 60(b)(3) when the perjury goes to the heart of the issue). Essentially, plaintiff is asking this Court to change its mind with respect to the jurisdiction question, so that the Court may reach the merits of plaintiff's allegations of misconduct. Rule 60(b) does not allow this Court to grant such a request. *Williams,* 674 F.2d at 313.

### C. *Fed.R.Civ.P. 60(b)(6)*

█ The Supreme Court has held that 60(b)(1) and 60(b)(6) are mutually exclusive. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* — U.S. —, —, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993). Thus plaintiff's claim of legal error cannot fall under the catch-all provision of 60(b)(6). *Id.* (holding that inexcusable neglect cannot be raised under 60(b)(6) where found to be unavailable under 60(b)(1)). Further, if plaintiff moves under Rule 60(b)(6), he must show extraordinary circumstances. *Pioneer Investment Services,* — U.S. at —, 113 S.Ct. at 1497; *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4th Cir.1993). Plaintiff clearly has made no allegation of extraordinary circumstances, nor can plaintiff's claims of fraud perpetrated by the Court, lacking any factual support whatsoever, be fairly interpreted as such.

█ Ultimately, the Court finds that plaintiff's motion is "nothing more than a request that the district court change its mind," which, as stated above, the Fourth Circuit has held is not authorized by Rule 60(b). *Williams,* 674 F.2d at 313.

### D. *Rule 11*

█ In light of the Court's conclusion that plaintiff's petition is wholly without merit,

the Court directs plaintiff's attention to Rule 11 of the Federal Rules of Civil Procedure. The Court warns plaintiff, without taking any affirmative action at this time, that Rule 11 allows this Court, on its own motion, to enter an order describing specific conduct which appears to support a finding that, for example, motions have been made "for an improper purpose" or that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11(b)(1), (2), and (c)(1)(B). *See, e.g., Davis v. Hudgins,* 896 F.Supp. 561, 573–74 (E.D.Va. 1995) (finding sanctions under Rule 11 warranted where plaintiff failed to allege sufficient facts to support RICO and civil rights claims). Plaintiff would be well-advised to consider the Court's admonition before filing another submission to this Court without providing the necessary allegations of fact and law to support plaintiff's claims.

### Conclusion

Having DIRECTED the submission to be filed as a Rule 60(b) Motion For Relief From Judgment, the Court finds that plaintiff's motion is wholly lacking substance and DISMISSES the motion without requiring responsive submissions from defendant.

Petitioner is ADVISED that he may appeal from this final Order by forwarding a written notice of appeal within thirty days (30) to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

IT IS SO ORDERED.