David L. **BRIGHT,** Plaintiff,

v.

**NORSHIPCO and Norfolk Shipbuilding & Drydock Corporation,** Defendants.

Civ.A. No. 2:96–985.

United States District Court, E.D. Virginia, Norfolk Division.

Nov. 10, 1998.

**538**

David L. Bright, pro se.

Ronda L. Brown, Vandeventer, Black, Meredith & Martin, Thomas Michael Lucas, McGuire, Woods, Battle & Boothe, Norfolk, VA, for Defendants.

### ORDER

DOUMAR, District Judge.

Plaintiff brought this action alleging that he had been discriminated against in violation of the Americans with Disabilities Act, 42 U.S.C.S. §§ 12101, *et. seq.*, as well as various state law claims. The Court dismissed the action without prejudice in an Order dated January 28, 1997 because Plaintiff had failed to submit his claim to the necessary grievance and arbitration proce-

dures. The United States Court of Appeals for the Fourth Circuit affirmed the Court's dismissal of the action on January 26, 1998. On October 13, 1998, Plaintiff filed a pro se Motion for Reinstatement, which presently is before the Court. The Court construes this motion to be a Motion for Relief filed pursuant to Federal Rule of Civil Procedure 60(b). For the reasons stated below, Plaintiff's motion will be **DENIED**.

### I. MOTION FOR REINSTATEMENT

Since Plaintiff is proceeding pro se, the Court is mindful that it must construe his submissions liberally. *Gordon v. Leeke*, 574 F.2d 1147, 1151–52 (4th Cir.1978); *Moeller v. D'Arrigo*, 163 F.R.D. 489, 490 (E.D.Va.1995). However, even when the Court broadly construes Plaintiff's motion, he fails to state a cognizable claim for relief under Federal Rule of Civil Procedure 60(b).

■ Federal Rule of Civil Procedure 60(b) "authorizes discretionary judicial revision of judgments in the listed situations and in other 'extraordinary circumstances.'" *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 235, 115 S.Ct. 1447, 1460, 131 L.Ed.2d 328 (1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988)). The Rule states that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one

year after the judgment, order, or proceeding was entered or taken.

The decision of whether to grant relief from an order pursuant to Rule 60(b) lies within the sound discretion of the district court. *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 537 (4th Cir.1991); *Werner v. Carbo*, 731 F.2d 204, 206 (4th Cir.1984); *United States v. Bailes*, 929 F.2d 694, 1991 WL 41556, *1 (4th Cir.1991)

■ A motion that is "nothing more than a request that the district court change its mind" is not cognizable under Rule 60(b). *Moeller*, 163 F.R.D. at 494 (quoting *United States v. Williams*, 674 F.2d 310, 313 (4th Cir.1982)). *See also Bailes*, 929 F.2d 694, 1991 WL 41556 at *1. Indeed, there are several threshold requirements that must be satisfied before the Court can grant relief under Rule 60(b). The movant must demonstrate that the motion is timely, that there is a meritorious defense to the challenged order, and that setting aside the order would not unfairly prejudice the opposing parties. *McLawhorn*, 924 F.2d at 537; *Waye v. Townley*, 884 F.2d 762, 764 (4th Cir.1989); *Werner*, 731 F.2d at 206–7; *Moeller*, 163 F.R.D. at 492 (citing *National Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir.1993)). After satisfying the above requirements, then the movant must meet the individual standards imposed under the subsections of Rule 60(b). *Id.*

■ Plaintiff does not indicate under which subsection of Rule 60(b) he is bringing this motion. However, the motion would be untimely under subsections (1), (2) and (3). Rule 60(b) expressly provides that a motion under those subsections must be brought within a year after the order was entered. In this case, the Order was entered on January 29, 1997; yet, Plaintiff did not bring the instant motion until October 13, 1998, nearly twenty-two months after the entry of the challenged order. Accordingly, Plaintiff's motion is not cognizable under Rule 60(b)(1), (2) or (3). Moreover, a motion under the remaining subsections must be brought within a reasonable time. *McLawhorn*, 924 F.2d at 538. Plaintiff did not bring this motion in a timely manner and has failed to demonstrate any reason for the lengthy delay. *See*

*McLawhorn*, 924 F.2d at 538 (holding that a delay of three to four months was unreasonable). None of the allegations contained in the motion are recent developments. Indeed, Plaintiff raised these same arguments in his briefs submitted to the Fourth Circuit. Since Plaintiff's motion was not filed in a timely manner, the Court will not disturb the order and judgment that was entered nearly two years ago and affirmed by the Fourth Circuit.

■ Even if the Court assumes that Plaintiff's motion was filed in a reasonable time, Plaintiff has not presented a meritorious defense upon which the Court can grant him relief from the Order. In essence, Plaintiff wants the Court to reconsider its previous decision. That request is an inappropriate basis for relief under Rule 60(b). *See Moeller*, 163 F.R.D. at 494; *Bailes*, 929 F.2d 694, 1991 WL 41556 at *1. Furthermore, granting relief from a final order that is nearly two years old and has been affirmed on appeal would prejudice Defendants. Courts are concerned with the promotion of the finality of judgments. Opening a closed case at this time unreasonably would disrupt Defendants' expectations of finality. Since Plaintiff has failed to meet any of the three threshold requirements, the Court must deny Plaintiff's motion.

■ Moreover, even if Plaintiff had satisfied the threshold requirements, Plaintiff has not stated a cognizable ground for relief from the order. The Court construes Plaintiff's motion to be brought under Rule 60(b)(6) since he does not argue that the judgment is void or has been satisfied. Rule 60(b)(6) often is referred to as the "catch-all" provision of Rule 60 and allows courts to "vacate judgments whenever such action is appropriate to accomplish justice." *Liljeberg*, 486 U.S. at 863, 108 S.Ct. at 2204 (quoting *Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949)). To prevail on a motion under Rule 60(b)(6), the movant must demonstrate extraordinary circumstances. *Id.; Moeller*, 163 F.R.D. at 494. Also, before granting relief under Rule 60(b)(6), the Court should consider the "risk of injustice to the parties in the

particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg*, 486 U.S. at 863, 108 S.Ct. at 2204.

■ Plaintiff argues that the Order dated January 28, 1997 should be vacated because both his counsel and Defendants misled the Court to the conclusion that Plaintiff was subject to the November 1995 Collective Bargaining Agreement. Plaintiff contends that the arguments made and the evidence presented to the Court constituted fraud. To succeed with a claim of fraud under Rule 60(b)(6), the movant must demonstrate that the activity was "fraud upon the court." *Great Coastal Express, Inc. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 675 F.2d 1349, 1356 (4th Cir.1982) (arguing that under 60(b)(6), the concept of "fraud upon the court" must be narrowly construed or else it subsumes the concept of fraud as outlined in Rule 60(b)(3)). Fraud upon the court is the most egregious species of fraud and covers that "fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Id.* Examples of fraud upon the court include the bribing of the judge or a juror or the assertion of improper influence over the court. *Id.*

■ To prevail on his motion, Plaintiff must present clear and convincing evidence that misconduct occurred and that the misconduct rose to the level of a fraud upon the court. *McLawhorn*, 924 F.2d at 538. However, he has presented no evidence to support his contentions. Plaintiff has not presented evidence of fraud upon the court. He merely disagrees with the testimony presented to the Court and the conclusion reached by the Court. Even assuming that Plaintiff's allegations are correct, he only has alleged that false testimony was presented to the Court. Generally, false testimony is not considered a fraud upon the court, *Great Coastal Express*, 675 F.2d at 1356, unless the movant can demonstrate that the witness willfully and purposefully provided false testimony.

*United States v. MacDonald*, 979 F.Supp. 1057, 1063 (E.D.N.C.1997), *aff'd*, 161 F.3d 4, 1998 WL 637184 (4th Cir.1998). Plaintiff has not demonstrated that the witnesses in this case engaged in any wilful deception. Indeed, the testimony of the witnesses reflected the allegations of the complaint. Accordingly, Plaintiff has not shown that a fraud upon the court was committed that would warrant relief under Rule 60(b)(6).

■ Finally, Plaintiff has not shown any extraordinary circumstances justifying relief from the Order. Plaintiff claims that his attorneys made several mistakes both in the wording of the complaint and in arguing before the Court. However, a mistake by the movant's attorney "generally is not cognizable under Rule 60(b). The Supreme Court has stated that 'keeping [a] suit alive merely because Plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of Plaintiff's lawyer upon the Defendant.'" *Lloyd v. Carnation Co.*, 101 F.R.D. 346, 348 (M.D.N.C.1984) (citing *Cline v. Hoogland*, 518 F.2d 776, 778 (8th Cir. 1975); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n. 10, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734, 740 (1962)). Accordingly, Plaintiff has not presented any grounds upon which he would be entitled to relief.

## II. DEFENDANTS' REQUEST FOR ATTORNEYS' FEES

In their opposition to Plaintiff's motion, Defendants request that the Court award reasonable attorneys' fees for the defense of this motion. The Court **DENIES** Defendants' request, but **ADVISES** Plaintiff that further motions could warrant such an award. The Court directs Plaintiff to consider Rule 11 of the Federal Rules of Civil Procedure, which allows the Court to award sanctions when a motion has been made "for an improper purpose." Fed.R.Civ.P. 11(b), (c).

## III. CONCLUSION

Due to the interest in finality of judgments and since Plaintiff has not presented any evidence warranting relief from the Order

dated January 28, 1997, the Court **DENIES** Plaintiff's Motion for Reinstatement.

The Clerk of the Court is **DIRECTED** to forward copies of this Order to Plaintiff and Defendants' counsel of record.

**IT IS SO ORDERED.**