Diane S. SHERMAN, Plaintiff,

v.

VERIZON VIRGINIA INC., Defendant.

No. 01–CV–526.

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 24, 2002.

Scott Meadows Reed, Preston & Reed PLC, Virginia Beach, VA, for Plaintiff.

Diane S. Sherman, Virginia Beach, VA, pro se.

Betty S.W. Graumlich, George William Norris, Jr., McSweeney & Crump, Richmond, VA, for Defendant.

## ORDER

STILLMAN, United States Magistrate Judge.

The Court has before it a series of motions, all filed by the plaintiff, Diane S. Sherman, *pro se.* The Court makes reference to

the procedural history summarized in its Order (Document No. 50), entered on July 1, 2002. In addition, the Court refers to its Order (Document No. 52), entered on July 22, 2002.

To summarize from those Orders, the Court granted defendant's motion for summary judgment and entered judgment in defendant's favor on April 4, 2002; plaintiff noted her appeal, the Court having granted her an extension within which to do so after having entered an Order granting her application to proceed *in forma pauperis*. Later, plaintiff withdrew her appeal and, pursuant to an Order entered on June 4, 2002, the U.S. Court of Appeals for the Fourth Circuit dismissed plaintiff's appeal.

Next, on June 28, 2002, plaintiff filed a Motion for Relief From Judgement or Order pursuant to Fed.R.Civ.P. 60(b)(3). She also asked the Court to appoint an attorney to represent her. The Court arranged for a well respected employment lawyer to meet and confer with plaintiff regarding her case. Subsequent to two meetings with her, the lawyer who conferred with plaintiff advised the Court that he was unable to represent her on a *pro bono* basis. Subsequently, plaintiff's motion seeking appointment of counsel was denied.

The following list embraces all pleadings now before the Court, whether filed by plaintiff or defendant:

1. Motion requesting entry of an order granting permission to obtain copies of the file without cost (Document No. 40) filed by plaintiff on May 28, 2002;

2. Motion for Relief From Judgement or Order (Document No. 48) filed by plaintiff on June 28, 2002;

3. Defendant's Memorandum in Opposition to Plaintiff's Motion for Relief From Judgement or Order (Document No. 51) filed by defendant on July 12, 2002;

4. Motion for an Opportunity to be Heard (Document No. 53) and Memorandum in Support of Plaintiff's Motion for an Opportunity to be Heard (Document No. 54) filed by plaintiff on July 24, 2002;

5. Motion for Leave of Court (Document No. 55) and Memorandum in Support of Plaintiff's Motion for Leave of Court (Document No. 56) filed by plaintiff on July 24, 2002; and

6. Motion for Continuance (Document No. 57) filed by plaintiff on July 24, 2002.

7. Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave of Court (Document No. 59) filed on August 7, 2002.

8. Defendant's Memorandum in Opposition to Plaintiff's Motion for Continuance (Document No. 60) filed on August 7, 2002.

9. Defendant's Memorandum in Response to Plaintiff's Motion for an Opportunity to be Heard (Document No. 61) filed on August 7, 2002.

The Court now considers and rules on the above-referenced motions:

Plaintiff's Motion for Relief From Judgement or Order (Document No. 48) seeks relief pursuant to Fed.R.Civ.P. 60. Specifically, plaintiff seeks relief based on the following provisions:

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

Fed.R.Civ.P. 60(b)(3).

Plaintiff's Rule 60(b)(3) Motion is accompanied by Motion for Relief Exhibit Nos. 1A through 1I, 2, 2A through 2N, 2P, 3A through 3C, 4, and 5.[1]

---

1. Plaintiff has filed a Motion for Leave of Court (Document No. 55) and Memorandum in Support of Plaintiff's Motion for Leave of Court (Document No. 56). While the Court is unable to discern the relief that plaintiff seeks from her motion, a close reading of her supporting memorandum indicates that, *inter alia*, she seeks leave to amend her *Motion for Relief From Judgement* or Order by filing an Affidavit confirming that the attached exhibits are true copies. *See* Affidavit (Document No. 58) filed by plaintiff on July 25, 2002. To the extent plaintiff seeks to have the Court consider her exhibits as "true copies," plaintiff's Motion for Leave of Court is GRANTED.

Plaintiff's pending Motion for Relief From Judgement or Order is based on two claims. First, plaintiff contends that she was "misrepresented by former counsel in [two] civil cases." Motion for Relief From Judgement or Order, ¶ 1. Second, she contends that "[a]ll pertinent information related to discrimination, harassment, and retaliation was not introduced and counsel for defendant was aware of this information." *Id.*, ¶ 2.

Plaintiff's claim that her lawyer failed to adequately represent her arises out of two civil actions that she prosecuted against the defendant (or defendant's predecessor in interest), including *Sherman v. Bell Atlantic Virginia, Inc.* (Civil Action No. 2:99cv2132) and the instant civil action.[2] In Civil Action No. 2:99cv2132, the Court entered judgment on August 2, 2000, dismissing her complaint filed pursuant to the Family and Medical Leave Act; and the Court's judgment was affirmed in the U.S. Court of Appeals for the Fourth Circuit on March 13, 2001. Plaintiff's subsequent attempt, in that case, to obtain relief pursuant to Fed.R.Civ.P. 60(b)(3) was denied as untimely. As noted previously, the instant case, Civil Action No. 2:01cv526, was dismissed on April 4, 2002, after the Court granted defendant's motion for summary judgment and entered judgment for the defendant. Plaintiff subsequently appealed; but after she withdrew her appeal, the Fourth Circuit dismissed plaintiff's appeal on June 4, 2002.

■ Plaintiff is not entitled to the relief she seeks through her specific citation to Fed.R.Civ.P. 60(b)(3). Plaintiff's former counsel is not an "adverse party" within the plain meaning of Rule 60(b)(3). Thus, his alleged shortcomings as plaintiff's own attorney, described in paragraph one (1), do not support plaintiff's claim for relief under the provisions of the rule that she has cited. In short, defendant, the "adverse party" contemplated by Rule 60(b)(3), and *not* plaintiff's

own attorney, must be the author of any fraud, misrepresentation, or misconduct for which the provisions at issue may provide a remedy.

■ The Court notes that the allegations contained in paragraph one (1) of plaintiff's motion relate almost entirely to her attorney's conduct prior to January 9, 2002, the date on which the Court entered an Order allowing him to withdraw as plaintiff's counsel.[3] Plaintiff indicates that she and her attorney litigated a fee dispute which apparently culminated in the entry of a judgment in her attorney's favor on February 15, 2002. It appears to the Court that this fee dispute relates primarily, if not entirely, to the representation that plaintiff's former counsel provided to her in connection with Civil Action No. 2:99cv2132, not the instant case. The Court also concludes that plaintiff's references to Civil Action No. 2:99cv2132, to mediation in the Fourth Circuit Court of Appeals, and to settlement negotiations, are unrelated to her former attorney's representation of her in this case.

Further, the Court, applying Rule 60(b) more broadly to the facts alleged by plaintiff, finds nothing in plaintiff's Motion for Relief From Judgement or Order that suggests attorney misconduct sufficient to support a claim for relief pursuant to that rule. *See In re Virginia Information Sys. Corp.*, 932 F.2d 338 (4th Cir.1991) (citing *Evans v. United Life & Accident Ins. Co.*, 871 F.2d 466, 472 (4th Cir.1989)) (poor lawyering by counsel cannot properly ground Rule 60(b) motion); *see also Wood v. Kling*, 98 F.R.D. 319, 320 (E.D.Va.1983) (attorney's ignorance or carelessness does not support a claim for relief under Rule 60(b)).

■ In paragraph two (2), plaintiff fails to allege facts amounting to "fraud (whether heretofore denominated as intrinsic or extrinsic), misrepresentation, or other miscon-

---

**2.** Plaintiff also makes reference in her Motion for Relief From Judgement or Order to yet another civil action, styled *Jason Storm v. Bell Atlantic–Virginia, Inc.* (Civil Action No. 2:99cv2100). However, plaintiff was not a party to this case, which was voluntarily dismissed with prejudice on joint motion of the parties on August 7, 2000. This Court finds no basis to consider this civil

action in connection with plaintiff's claim to Rule 60(b)(3) relief herein.

**3.** Plaintiff fired her attorney in late 2001. See Motion and Brief of Plaintiff's Counsel to Stay Proceedings (Document No. 11), filed on December 31, 2001.

duct of an *adverse party* (emphasis supplied)" as to the defendant, Verizon Virginia Inc., the only "adverse party" herein. *See* Fed.R.Civ.P. 60(b)(3). The facts alleged in paragraph two (2) of plaintiff's motion merely suggest that a substantial amount of documentation was generated in connection with two civil actions that plaintiff prosecuted against the defendant (or defendant's predecessor in interest). The Court observes that plaintiff produced an extraordinary amount of documentation in connection with the prosecution of the instant civil action; and it appears that the Court took all of it into account in connection with its decision to grant defendant's motion for summary judgment. In addition, plaintiff's highly detailed motion indicates that she was aware of virtually all of the documentation and other information to which she refers. As a consequence, plaintiff can hardly claim that defendant engaged in any fraud with respect to the documentation and information in question.[4] *See generally Schultz v. Butcher,* 24 F.3d 626, 630 (4th Cir.1994) (requiring, *inter alia,* clear and convincing evidence of misconduct on the part of an adverse party that prevented moving party from fully presenting case).

■ Plaintiff may not use a Rule 60 motion to re-litigate the merits of a matter previously decided by the Court. A motion for relief from a judgment or order "that is 'nothing more than a request that the district court change its mind' is not cognizable under Rule 60(b)." *Bright v. NORSHIPCO,* 187 F.R.D. 536, 539 (E.D.Va.1998) (citing *Moeller v. D'Arrigo,* 163 F.R.D. 489, 494 (E.D.Va.1995)). Thus, plaintiff's motion for relief pursuant to Fed.R.Civ.P. 60(b)(3) is DENIED.

■ Plaintiff's Motion for an Opportunity to be Heard (Document No. 53) and Memo-

randum in Support of Plaintiff's Motion for an Opportunity to be Heard (Document No. 54) filed on July 24, 2002, are before the Court. Plaintiff seeks to ground her Motion for an Opportunity to be Heard on her inability to obtain a lawyer to advise her. As it advised in its earlier Order, entered on July 1, 2002, the Court lacks authority to compel a lawyer to represent a plaintiff in a civil matter. However, the Court did provide the plaintiff with an opportunity to consult with a highly respected lawyer skilled in employment law who met with her on two occasions before declining to represent her on a *pro bono* basis. Also, it is clear to the Court that plaintiff has had ample time and numerous opportunities to consult with and retain a lawyer to represent her. In view of the foregoing, plaintiff has stated no basis from which the Court might conclude that the relief she seeks in her Motion for an Opportunity to Heard is available to her; and as a consequence, plaintiff's Motion for an Opportunity to be Heard is DENIED.[5]

Similarly, plaintiff's Motion for Continuance (Document No. 57), filed on July 24, 2002, seeks a continuance to allow her to locate counsel to represent her, and to provide more time within which to conduct research and draft pleadings to be filed in this case as she is proceeding *pro se.* For the reasons expressed in the foregoing paragraph, this motion is also DENIED.

■ Plaintiff's Motion for Leave of Court (Document No. 55) and Memorandum in Support of Plaintiff's Motion for Leave of Court (Document No. 56) filed on July 24, 2002, seeks reconsideration of the Court's Order granting summary judgment to the defendant. Plaintiff is not entitled to have the merits of defendant's motion for summary judgment afforded additional consideration from the Court under the present procedural

---

**4.** This is especially so where plaintiff's claim, as the Court construes it, is that "[n]ot all pertinent information related to discrimination, harassment, and retaliation was introduced and counsel for the defendant was aware of this information." Motion for Relief From Judgement or Order, ¶ 2.

**5.** The Court does not read plaintiff's Motion for an Opportunity to be Heard and Memorandum

in Support of Plaintiff's Motion for an Opportunity to be Heard to seek an opportunity to present oral argument to the Court. However, the Court notes that it may dispense with oral argument in appropriate cases. *See* E.D. Va. R. 7(I). The Court finds that the circumstances of this case, including in particular its procedural history, support its decision to dispense with oral argument herein.

circumstances. The Court notes that plaintiff voluntarily withdrew her appeal of the Court's decision to award summary judgment to the defendant, and as a consequence, plaintiff lost her opportunity to seek review of the Court's decision to grant summary judgment to the defendant when the Fourth Circuit dismissed her appeal. Accordingly, to this extent, plaintiff's Motion for Leave of Court is DENIED.[6]

Finally, the Court considers plaintiff's Motion (Document No. 40) seeking copies of the file without cost. First, the Court observes that the Court file in this matter has been made available to the plaintiff for review during normal business hours; and second, the Court notes that plaintiff has received copies of all pleadings filed by the defendant, as is evidenced by the certificates of mailing appended to each of them. *See* Fed.R.Civ.P. 5. Thus, plaintiff's motion seeking copies of the file without cost is DENIED.

IT IS SO ORDERED.