Lester C. McLAWHORN,
Plaintiff–Appellant,

v.

JOHN W. DANIEL & COMPANY, IN-CORPORATED, Defendant–Appellee.

No. 90–1748.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 3, 1990.

Decided Jan. 30, 1991.

As Amended Feb. 26, 1991.

Jay J. Levit (argued), Levit & Mann, P.C., Richmond, Va., for plaintiff-appellant.

John S. Barr (argued), James A. Lofton, Yvonne S. Wellford (on brief), Maloney, Yeatts & Barr, P.C., Richmond, Va., for defendant-appellee.

Before RUSSELL and SPROUSE, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.

PER CURIAM:

Lester C. McLawhorn brought an age discrimination claim, under the Age Discrimination in Employment Act, in federal district court against his former employer, John W. Daniel and Company (Daniel). Daniel moved for summary judgment and, after a hearing, the Court granted this motion. McLawhorn did not appeal the grant of summary judgment, but instead, three and one-half months later, moved for relief from this order under Federal Rule of Civil Procedure 60(b). The district court ruled against this 60(b) motion, and, finding that the court did not abuse its discretion, we affirm.

I.

On June 12, 1987, after thirty-one years of employment, plaintiff McLawhorn, then sixty-one years old, was terminated from his job as a construction superintendent for defendant Daniel. According to the affidavits of Daniel's president (John P. Wall) and regional vice-president (Samuel W. Daniel), McLawhorn was let go because of his poor safety record and his poor job performance.

McLawhorn filed suit against Daniel on May 11, 1989, alleging that he had been fired because of his age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.* Daniel thereafter moved for summary judgment and submitted the affidavits of Wall and Daniel. After a hearing on October 4, 1989, the United States District Court for the Eastern District of Virginia granted defendant's motion.

In attempting to make out the required *prima facie* case of age discrimination needed to defeat the summary judgment motion, McLawhorn did not proffer any extrinsic, independent evidence of the discrimination, but instead relied on the judicially fashioned affirmative proof scheme established for such cases. Under this scheme, in order for the plaintiff to establish a *prima facie* case of discrimination, he must submit evidence showing:

(1) the plaintiff is in the protected age group; (2) the plaintiff was discharged or demoted; (3) at the time of discharge or demotion, the plaintiff was performing his job at a level that met his employer's legitimate expectations; and (4) following his discharge or demotion, the plaintiff was replaced by someone of comparable qualifications outside the protected class.

*EEOC v. Western Electric Co.,* 713 F.2d 1011, 1014 (4th Cir.1983); *Goldberg v. B. Green and Co.,* 836 F.2d 845, 849 (4th Cir.1988).

The court in its findings of fact and conclusions of law found that McLawhorn did not satisfy prongs three and four of this test. On the third prong, the district court compared the two affidavits submitted by defendant with job appraisals and salary information offered by McLawhorn. The court found that much of McLawhorn's evidence was not relevant because it concerned time periods before McLawhorn's work performance began to deteriorate. By contrast, McLawhorn's own evidence showed that on November 1, 1986, seven months before his dismissal, the company was very concerned about his performance; also, in 1987 McLawhorn was the only salaried employee of Daniel not to receive a pay raise. As for prong four, McLawhorn did not offer any evidence to show that he had been replaced by someone outside the forty-plus protected class. In fact, of the sixteen superintendents employed by Daniel, the five under forty were hired before McLawhorn's dismissal and the three hired since then have all been above forty.

After finding that McLawhorn had not established the required *prima facie* case of age discrimination, the district court went on to assume, *arguendo*, that such a case had been established. The court then looked at Daniel's proffered evidence that McLawhorn had been fired for legitimate, non-discriminatory business reasons and compared this with McLawhorn's responses to such evidence. Through the affidavits of its president and regional vice-president, the company offered evidence to show that during his last project, as job superintendent on the construction of the Virginia Education Loan Authority operations center in Richmond, McLawhorn would not leave the office trailer in order to supervise and coordinate the work of Daniel's employees and subcontractors. Because of this, many problems developed and the project was completed three months late with a decrease in gross profit to Daniel from $150,-000 to $67,000 and an assessment of liquidated damages against Daniel for $21,500. Additionally, during this project Daniel was cited for numerous serious safety violations which resulted in a fine of $1,400. To rebut this evidence, all McLawhorn did was to argue, but not present evidence to prove, that his performance in regard to safety was no worse than any other superintendent. After viewing this evidence, the court found that even had a *prima facie* case of discrimination been presented, Daniel would have still been entitled to a grant of summary judgment.

McLawhorn did not appeal the summary judgment order, but instead, on January 26, 1990, filed a motion for relief from this order pursuant to Fed.R.Civ.P. 60(b). In this motion, plaintiff alleged that "Defendant did not permit Plaintiff to review its records as directed by the Court until the day before the hearing on the motion for summary judgment," and that "Defendant failed to make available to Plaintiff all of the documents which were responsive to Plaintiff's Request for Production of Documents." Both sets of documents, those which McLawhorn did not review until the day before the hearing and those Daniel supposedly never made available, concerned safety inspection records pertaining to Daniel construction jobs for which McLawhorn did not act as superintendent. This evidence would supposedly demonstrate that other Daniel superintendents had safety records as poor as or poorer than McLawhorn's. Attached to plaintiff's motion was an affidavit from Barbara Ashby, Daniel's former safety director, asserting that to the best of her knowledge there should have existed more safety records than those turned over by Daniel to McLawhorn. In response to this motion, Daniel presented the affidavit of Howard J. Burnette, its in-house counsel, who swore that to the best of his knowledge all documents requested by McLawhorn had been made available and that there existed no other safety records.

On March 6, 1990, the district court entered an order denying McLawhorn's motion for relief pursuant to Rule 60(b). The court so ruled for three independent reasons: (1) the motion was not brought in a timely manner; (2) McLawhorn failed to meet his burden of establishing fraud or misconduct by clear and convincing evidence; and (3) even had McLawhorn shown that other superintendents with poor safety records had not been fired, this would not have altered the court's disposition of the earlier summary judgment motion. McLawhorn now appeals the district court's denial of his Rule 60(b) motion.

## II.

Rule 60(b) of the Federal Rules of Civil Procedure states that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be

made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

■ Disposition of Rule 60(b) motions is within the discretion of the district court and such rulings will not be overturned absent an abuse of that discretion. *Werner v. Carbo*, 731 F.2d 204, 206 (4th Cir. 1984); *Square Const. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir.1981). Also, the rule provides a remedy that "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979). A motion under Rule 60(b) must be timely brought, and the movant assumes "the burden of showing a meritorious defense against the claim on which judgment was entered as a threshold condition to any relief whatsoever under the Rule." *Id.* at 102; 731 F.2d at 206–07.

McLawhorn brought his motion for relief under subsections (2), (3), and (6) of Rule 60(b), and the court treated it as having been brought under (3), which it found "most applicable and appropriate." Of the three independent grounds cited by the court to deny the 60(b) motion, we find each one to be valid.

■ First, the district court denied the motion because it was not brought in a timely manner. Motions under Rule 60(b) must be brought "within a reasonable time" and "the movant must make a showing of timeliness." *Werner*, 731 F.2d at 206–07. The district court found that McLawhorn had made no such showing— no reason was ever offered why there had been a three and one-half month period between the summary judgment order (October 5, 1989) and the filing of the 60(b) motion (January 26, 1990). In his motion, McLawhorn stated that he had "just received" Barbara Ashby's affidavit, but there is no explanation why this evidence was just then coming forth. We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for

the delay. *See, e.g., Central Operating Co. v. Utility Workers of America*, 491 F.2d 245 (4th Cir.1974), and *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir.1967).

■ Second, the trial court held that under Rule 60(b)(3), McLawhorn failed to make a sufficient showing of fraud or misconduct by Daniel. The party seeking 60(b)(3) relief must "prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." *Square Const. Co.*, 657 F.2d at 71. As evidence for his 60(b) motion, McLawhorn presented his own affidavit and that of Barbara Ashby. McLawhorn in his affidavit stated, "I know that there must have been more inspections than those given and [sic] Defendant's interest in providing hazard free employment," while Ashby testified in hers that she remembered there to be more safety violations than those shown in the records made available to McLawhorn. By contrast, Daniel presented the affidavit of its in-house counsel, who swore that McLawhorn had been given all the documents he had requested. In balancing this evidence, the court found that McLawhorn had failed to prove his claim by the necessary clear and convincing evidence. We agree.

■ Finally, the district court ruled that even had McLawhorn timely filed his motion and shown the fraudulent withholding of evidence, his Rule 60(b) motion would still have been denied, since no additional evidence concerning the safety records of other Daniel superintendents would have changed the disposition of the summary judgment motion. McLawhorn failed the third prong of the alternative proof scheme not only because Daniel showed him to have a poor safety record, but also because he did not rebut the company's evidence that he had performed poorly as a superintendent. The plaintiff also failed the fourth prong of the proof scheme, in that it was never shown that he had been replaced by someone outside the protected class.

We find that the district court did not abuse its discretion in denying McLawhorn relief through Rule 60(b) and, accordingly, that decision is

AFFIRMED.