948 F.2d 1281
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roger M. MARKS, Plaintiff-Appellant,
v.
KLEIN & HOFFMAN, INCORPORATED, Defendant-Appellee.
 No. 90-1831.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1991.
Decided Dec. 4, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-90-69-R)
 Argued: Carolyn P. Carpenter, Carolyn P. Carpenter & Associates, Richmond, Va., for appellant; Robert Patrick Geary, Geary & Davenport, Richmond, Va., for appellee.
 On Brief: Cheryl K. Arflin, Carolyn P. Carpenter & Associates, Richmond, Va., for appellant; George M. Pearce, Shaheen, Lundberg, Callahan & Orr, Chicago, Ill., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and JAMES C. HILL, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Roger M. Marks appeals from a district court order granting the defendant's motion for summary judgment. We conclude that the plaintiff has failed to establish a prima facie case under the Age Discrimination in Employment Act and affirm the judgment of the district court.
 
 
 2
 In August 1987, Klein & Hoffman, Inc. employed Roger M. Marks as a construction inspector. At the time, Marks was seventy-four years old. In February 1988, the defendant informed Mr. Marks that he was being discharged. The defendant states that the reason for its action was that the work for which Marks had been hired was completed, while the plaintiff contends that his discharge was motivated by a specific intent to discriminate on the basis of age. In connection with his termination, Marks filed a charge of employment discrimination with the Equal Employment Opportunity Commission, but no violation was found. He then filed a complaint in the United States District Court for the Eastern District of Virginia alleging that his discharge by the defendant was in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. The defendant, in turn, filed a motion for summary judgment. Finding that the plaintiff had failed to establish a prima facie case, the district court granted the defendant's motion. This appeal followed.
 
 
 3
 Our review of this grant of summary judgment requires us to engage in essentially the same inquiry as that conducted by the district court. We must affirm the entry of summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 4
 In attempting to defeat the defendant's motion, the plaintiff relied upon the judicially fashioned scheme of proof formulated for such cases. The first step in this three-stage scheme requires that the plaintiff make out a prima facie case of age discrimination. E.E.O.C. v. Western Elec. Co., 713 F.2d 1011, 1014 (4th Cir.1983). In considering whether the plaintiff had satisfied this requirement, the district court employed two alternative analyses because the plaintiff had not specified whether his claim presented a reduction-in-force case or a discharge case. It first construed the plaintiff's allegation as presenting the latter. In such a case, the plaintiff must establish a prima facie case by showing that:
 
 
 5
 (1) the plaintiff is in the protected age group; (2) the plaintiff was discharged or demoted; (3) at the time of discharge or demotion, the plaintiff was performing his job at a level that met his employer's legitimate expectations; and (4) following his discharge or demotion, the plaintiff was replaced by someone of comparable qualifications outside the protected class.
 
 
 6
 McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 536 (4th Cir.1991) (quoting E.E.O.C. v. Western Electric Co., 713 F.2d at 1014); Goldberg v. B. Green and Co., 836 F.2d 845, 849 (4th Cir.1988)).
 
 
 7
 With respect to the fourth element of this test, the district court concluded that it had not been satisfied by the plaintiff. In so doing, the court noted that the plaintiff had not clearly stated "who he thinks replaced him" in his position as a construction inspector with Klein & Hoffman, Inc. The plaintiff now, however, makes reference to two inspectors hired by the defendant who might conceivably be viewed as having replaced Mr. Marks. We will therefore consider, although it may not now be permissible, whether the plaintiff has by this means made a showing sufficient to establish the fourth element of the prima facie case.
 
 
 8
 The two employees identified by the plaintiff were Walter Melton and Lewis Michaels. By the plaintiff's own admission, they were actually hired as inspectors by the defendant several months before Mr. Marks was discharged. Significantly, the plaintiff concedes that at the time of his discharge, Mr. Melton was forty-one years of age and Mr. Michaels was sixty-two. These ages are within the ADEAprotected class of forty years or more. 29 U.S.S. § 631(a). These facts, coupled with the failure of the plaintiff to point to any other person "of comparable qualifications outside of the protected class," see McLawhorn, 924 F.2d at 536, who replaced him when he was discharged lead us to agree with the district court that the plaintiff has not established a prima facie case of employment discrimination under the relevant standard.
 
 
 9
 The district court next considered the plaintiff's claim as if it presented a reduction-in-force case. The first three elements of a prima facie case are identical to those set forth above, and the fourth requires that a plaintiff show "that persons outside the protected age class were retained in the same position or that there was some other evidence that the employer did not treat age neutrally in deciding to dismiss the plaintiff." Duke v. Uniroyal, Inc., 928 F.2d 1413, 1417 (4th Cir.1991) (quoting Herold v. Hajoca Corp., 864 F.2d 317, 319 (4th Cir.1988), cert. denied, 490 U.S. 1107 (1989)). Once again, the district court directed its attention to the fourth element of the prima facie case. It found that after the plaintiff was discharged, a number of inspectors were retained by the defendant. According to the district court, these employees and their respective ages were as follows: Don Angelino (age 40), Donald Price (age 47), Walter Melton (age 41), Lewis Michaels (age 52), and Ron Baddorf (age 52). Based upon these findings, the district court concluded that the plaintiff had failed to show that "persons outside the protected class were retained in the same position." Also considered was the plaintiff's contention that Thomas Permoda (age 37), an administrator who had been employed by the defendant since 1971 and worked in the office, might have been retained in lieu of the plaintiff. The district court observed that the plaintiff's own affidavit concerning his claim made no mention of Permoda. It also found that Permoda had performed no construction inspections at all until five months after the plaintiff had been discharged, when in July 1988, he made only five inspection reports. The district court accordingly concluded that the plaintiff had not shown that Permoda was retained in the same position as that from which the plaintiff was discharged.
 
 
 10
 The plaintiff does not dispute these basic findings of fact by the district court, but instead argues that it misapplied the relevant standards for establishing a prima facie case in a reduction in-force claim by requiring a showing that the defendant retained someone outside the protected class in the plaintiff's position. We, however, are of opinion that the district court did not err in this regard. The court correctly stated the fourth element under Herold v. Hajoca Corp., 864 F.2d 317 (4th Cir.1988), cert. denied, 490 U.S. 1107 (1989), which requires that the plaintiff show that persons outside the protected class were retained in the same position or that the employer did not treat age neutrally. In addition to the findings discussed previously concerning the ages of the employees retained in the plaintiff's position, the district court found that the plaintiff has "failed to produce either direct or indirect evidence of an intent to discriminate" on the part of the defendant. It determined that the plaintiff's conclusory allegations were not sufficient. On appeal, the plaintiff has not pointed to any evidence before the district court indicating that the defendant did not treat age neutrally in its decision to dismiss Mr. Marks. We therefore agree with the district court that regardless of whether the plaintiff's allegations are viewed as a discharge or a reduction-in-force case, the plaintiff has failed to make out a prima facie case of age discrimination.
 
 
 11
 Accordingly, the judgment of the district court is
 
 
 12
 AFFIRMED.