42 F.3d 1386
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leila D. RAINWATER, Plaintiff-Appellant,
v.
James MALLAS, individually and d/b/a Joel Enterprises and or
d/b/a The Investment Group of America, Defendant-Appellee.
 No. 94-1122.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1994.
Decided Dec. 23, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, Chief District Judge. (CA-92-3460-4-2)
 Francis Thomas Draine, Columbia, SC, for Appellant.
 Daryl James Corbin, Florence, SC, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER and WILKINS, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Leila Rainwater appeals the district court's entry of summary judgment in favor of James Mallas in her action to set aside a judgment for "fraud on the court." Finding no error, we affirm.
 
 I.
 
 2
 During the early 1980s, James Mallas entrusted over $460,000 to Covenant Consultants, an investment firm owned by Leila Rainwater and her husband, A.J. Rainwater, Jr. The Rainwaters invested a substantial portion of Mallas' money in a speculative textile enterprise which subsequently failed. In 1987, Mallas brought action against the Rainwaters and others for breaches of contract and fiduciary duties, alleging that he had never authorized the Rainwaters to invest his funds in the textile venture.
 
 
 3
 At trial, the parties vigorously disputed the validity of a security agreement allegedly executed by Leila Rainwater in favor of Mallas. Because Mallas dealt with Covenant Consultants primarily through A.J. Rainwater, he offered the agreement to show that he had maintained a business relationship with Leila Rainwater as well. Mallas testified that when he learned about the textile investment, he demanded collateral from A.J. Rainwater. Soon thereafter, Mallas claimed, he received by mail an instrument labelled "Deed to Secure Debt and Security Agreement" signed by Leila Rainwater, which conveyed to him an interest in a parcel of Georgia realty as security for $200,000 he had given to Covenant Consultants.
 
 
 4
 A.J. Rainwater testified that his wife had refused to grant Mallas a deed of trust on the Georgia property and that, consequently, he had forged her signature on the instrument in the presence of Mallas. Hazel Young, an employee and friend of the Rainwaters, notarized the document. A.J. Rainwater claimed that he subsequently told his wife he had forged her signature on the security agreement. Leila Rainwater corroborated her husband's testimony, claiming she had learned of the forgery just a few months before trial.
 
 
 5
 In October 1988, the jury returned a verdict awarding Mallas $340,000 in actual damages against both Rainwaters and $75,000 in punitive damages against A.J. Rainwater alone. The district court denied the Rainwaters' motions for judgment notwithstanding the verdict. This court affirmed the district court's order denying Leila Rainwater's motion. Leila Rainwater has since filed for bankruptcy on two occasions, and Mallas has not yet collected on the judgment.
 
 
 6
 In December 1992, Leila Rainwater brought this independent action to set aside the earlier judgment for fraud upon the court pursuant to Federal Rule of Civil Procedure 60(b). She alleged that Mallas; his attorney, Daryl Corbin; and her attorney in the 1988 lawsuit, Roger Kirven, had conspired to perpetrate a fraud upon the district court. She averred that, prior to the 1988 trial, Hazel Young had testified in a deposition attended by both Corbin and Kirven that A.J. Rainwater had forged his wife's signature on the deed. Having heard Young's testimony, the complaint charged, Mallas, Corbin, and Kirven acted in concert to promote the authenticity of Leila Rainwater's signature on the deed at the 1988 trial. Leila Rainwater accused each of the conspirators of fraudulent conduct: Mallas suborned perjury as to the genuineness of the signature; Corbin misrepresented to the district court that, "I believe [the document] is notarized;" and Kirven deliberately chose not to call Young as a trial witness.
 
 
 7
 Mallas moved the district court for summary judgment against the complaint. In support of the motion, Mallas submitted Kirven's affidavit, in which he stated that (1) Mallas and Corbin had not influenced his decision to not call Young as a trial witness; (2) he had believed that, given her questionable credibility, Young's testimony would not be helpful to the Rainwaters at trial; and (3) Leila Rainwater was aware of and did not object to his decision not to call Young.
 
 
 8
 Leila Rainwater produced only one piece of evidence, an excerpt of Kirven's deposition testimony, to create an issue of fact as to the intent of Mallas, Corbin, and Kirven to defraud the court. In the depo sition, Kirven testified that he did not call Young as a trial witness because he had previously represented her in another matter and "didn't want her to be prosecuted." He also maintained, however, that he personally believed Young was lying about the alleged forgery and that Leila Rainwater had chosen not to follow his recommendation to employ a handwriting expert to analyze the genuineness of her signature.
 
 
 9
 After argument, the district court granted summary judgment in favor of Mallas. This appeal followed.
 
 II.
 
 10
 Rule 60(b) provides a remedy that "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir.1979). Accordingly, disposition of Rule 60(b) motions is within the sound discretion of the district court and will not be overturned absent an abuse of that discretion. Browder v. Director, Ill. Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir.1991).
 
 Rule 60(b) provides in pertinent part:
 
 11
 On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) ... it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment ... was entered.... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, ... or to set aside a judgment for fraud upon the court.
 
 
 12
 Fed.R.Civ.P. 60(b). Because Leila Rainwater challenged the 1988 judgment more than four years after it was entered, she was unable to come within the specific fraud provision of subsection (3). To obtain relief from the judgment, therefore, she must demonstrate "fraud upon the court."
 
 
 13
 In light of Rule 60(b)'s two distinct fraud provisions, "[n]ot all fraud is 'fraud upon the court.' " Great Coastal Express, Inc. v. International Bhd. of Teamsters, 675 F.2d 1349, 1356 (4th Cir.1982), cert. denied, 459 U.S. 1128 (1983). Indeed, the savings clause of Rule 60(b) must be construed very narrowly because "the otherwise nebulous concept of 'fraud on the court' could easily overwhelm the specific provision of 60(b)(3) and its [one-year] time limitation." Id. Accordingly, fraud upon the court is "typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." Id. (citations omitted); see also Cleveland Demolition Co., Inc. v. Azcon Scrap Corp., 827 F.2d 984, 986 (4th Cir.1987). By contrast, perjury and fabricated evidence alone, being evils which can be exposed by the normal adversary process, do not constitute grounds for relief as "fraud on the court." Great Coastal, 675 F.2d at 1357 (citations omitted).
 
 
 14
 Applying these principles, we conclude that the district court did not abuse its discretion in dismissing Leila Rainwater's action to set aside the 1988 judgment. Corbin did not perpetrate fraud by representing to the court that the deed was notarized since that statement, taken alone, was undisputed. The question whether Leila Rainwater's signature was forged notwithstanding the notarization was an issue developed and argued at trial and resolved by the jury. Moreover, Leila Rainwater's allegation that Mallas lied as to the signature's authenticity, if proven, would not constitute grounds for relief under Rule 60(b). She did not object to Kirven's decision not to call Young to testify, enlist the help of a handwriting expert, or otherwise attempt to expose Mallas' alleged fabrication. Rule 60(b) does not afford an avenue by which she can endeavor to root out perjured testimony four years later. Finally, the undisputed evidence demonstrates that Kirven's decision not to call Young to testify was made after conferral with Leila Rainwater and free of any influence by either Mallas or Corbin. Kirven's concern that Young, whom he suspected was lying, might be subject to a perjury prosecution if she testified does not demonstrate a purpose to defraud the court. We find, therefore, that the actions of Mallas, Corbin, and Kirven, viewed together or individually, do not constitute a deliberate scheme to subvert justice so as to warrant relief under Rule 60(b).
 
 
 15
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 AFFIRMED