UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

DAVID BRIAN NEWTON,
Plaintiff-Appellant,

v.                                                                          No. 95-7090

SAM BUFORD,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CA-89-6)

Submitted: November 21, 1995

Decided: May 14, 1996

Before WILKINSON, Chief Judge, and NIEMEYER and
MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

C. Gary Triggs, C. GARY TRIGGS, P.A., Morganton, North Caro-
lina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

OPINION

PER CURIAM:

Appellant David Brian Newton appeals the district court's judgment denying his Fed. R. Civ. P. Rule 60(b) motion to set aside a judgment, and to appoint a different judge to the case. Finding no error, we affirm.

Newton originally brought this 42 U.S.C. S 1983 (1988) action pro se in January 1989. When the Defendant failed to answer the complaint and Newton had taken no further action, the court scheduled a status hearing for October 1989. The court dismissed the action for failure to prosecute after Newton failed to appear for the hearing. In May 1995, Newton brought a Rule 60(b) motion to set aside the judgment claiming that his failure to appear at the 1989 hearing was due to miscommunication with an attorney. The district court denied Newton's Rule 60(b) motion as untimely and meritless.

This court reviews a district court's denial of a Rule 60(b) motion for an abuse of discretion. NOW v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995). The motion is not intended to be used as a substitute for a timely and proper appeal. Ackermann v. United States, 340 U.S. 193, 198 (1950). Thus, a party seeking relief under Rule 60(b) must show "`timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Fire & Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984)).

The district court did not abuse its discretion by denying Newton's motion because it was untimely. Newton allowed more than five years to lapse between the time the court entered the dismissal order and the time he filed the motion, and offered no explanation to justify the delay. See McLawhorn v. John W. Daniel & Co. , 924 F.2d 535, 538 (4th Cir. 1991).

Newton also contends the district court judge should have recused himself from ruling on the Rule 60(b) motion because of an alleged conflict of interest. However, Newton failed to present this issue

2

below; thus, it is waived on appeal absent a showing of plain error. See National Wildlife Federation v. Hanson, 859 F.2d 313, 138 (4th Cir. 1988). The district judge did not commit plain error by failing to recuse himself. See In re Beard, 811 F.2d 818, 827 (4th Cir. 1987) (discussing standards for recusal).

We affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED