**PRESSLEY RIDGE SCHOOLS, Plaintiff,**

v.

**Elizabeth S. LAWTON, Commissioner, West Virginia Bureau for Medical Services, et al., Defendants.**

**No. CIV. A. 2:95–0970.**

United States District Court, S.D. West Virginia, Charleston Division.

June 16, 1998.

R. Clarke VanDervort, David R. Bungard, and Charles M. Johnson, Robinson & McElwee, Charleston, WV, for plaintiff.

Darrell V. McGraw, Jr., Charlene A. Vaughan, Barry L. Koerber and Stephen J. Small; Office of the Attorney General, Charleston, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendants' motion pursuant to *Rule* 60(b) of the *Federal Rules of Civil Procedure* to vacate a limited portion of the Court's final judgment. *See Pressley Ridge v. Stottlemyer,* 947 F.Supp. 929 (S.D.W.Va.1996)(Haden, C.J.). The Court **DENIES** the motion.

### I.

Pressley Ridge Schools is a licensed behavioral health care provider that treats emotionally and behaviorally disturbed children in West Virginia. By agreement with the West Virginia Bureau for Medical Services, Pressley Ridge participates in the State's Medicaid program. The agreement obligates Pressley Ridge to comply with certain Medicaid regulations, and requires the Bureau's parent agency, the West Virginia Department of Health and Human Resources, to provide a process for Pressley Ridge to appeal adverse decisions by the Department.[1]

Over the course of the relationship, a dispute between Pressley Ridge and the State arose concerning the appropriateness of

---

1. For the sake of simplicity, the Court refers to all Defendants as the State.

**308**

Medicaid services provided by Pressley Ridge. The dispute led to the instant litigation. After a four-day bench trial, the Court by Memorandum Opinion and Order held for Pressley Ridge, finding the State's handling of the provider's claims for Medicaid reimbursement violated federal statutes, regulations and the due process and equal protection guarantees of the United States Constitution.

During the pendency of the State's ensuing appeal, the parties entered into a written agreement which, at their request, this Court entered as a consent order. The agreement settled "all disputed claims" for services provided by Pressley Ridge, established how the State would compensate Pressley Ridge for Medicaid services, and purported to reserve two legal issues for appeal.

Over the objections of both Pressley Ridge and the State, the Fourth Circuit dismissed the appeal, holding the settlement agreement terminated the parties' live dispute and rendered the case moot. *Pressley Ridge Schools v. Shimer,* 134 F.3d 1218, 1221 (4th Cir.1998). The State requested the Court of Appeals to vacate the judgment of this Court to eliminate the precedent it established. On authority of *U.S. Bancorp Mortgage Co. v. Bonner,* 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), the Court of Appeals declined the request. The Supreme Court in *U.S. Bancorp* emphasized the equitable nature of *vacatur,* and held "barring 'exceptional circumstances,' an appellate court should not vacate the judgment of a trial court at the behest of a losing party that has mooted a case by agreeing to settle it." *Pressley Ridge,* 134 F.3d at 1222 (citing *U.S. Bancorp,* 513 U.S. at 29, 115 S.Ct. 386).

The appellate panel above found no exceptional circumstances warranted *vacatur,* but, taking a cue from *U.S. Bancorp,* 513 U.S. at 29, 115 S.Ct. 386, observed the State was free to move this Court to vacate its judgment pursuant to *Rule* 60(b) of the *Federal Rules*

of *Civil Procedure.* The State followed with the instant motion.

## II.

▋ The State relies on grounds (1) and (6) of *Rule* 60(b), which provide, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (6) any other reason justifying relief from the operation of the judgment." The remedy the *Rule* affords " 'is extraordinary and is only to be invoked upon a showing of exceptional circumstances.' " *McLawhorn v. John W. Daniel & Co., Inc.,* 924 F.2d 535, 538 (4th Cir.1991)(quoted authority omitted). Dispositions of *Rule* 60(b) motions are reviewed for abuse of discretion. *Id.*

The State seeks vacation of that portion of the judgment holding the State violated 42 C.F.R. § 447.205 in handling Pressley Ridge's claims for Medicaid reimbursement. *See Pressley Ridge Schools,* 947 F.Supp. at 938–39 (conclusions of law 10 and 11). That regulation in part requires state Medicaid agencies to "provide public notice of any significant proposed change in its methods and standards for setting payment rates for services." 42 C.F.R. § 447.205(a).

▋ Notwithstanding its argument to the contrary, the State in essence is contending the Court committed legal error with regard to the challenged aspect of the judgment. In this Circuit, "*Rule* 60(b) does not authorize a motion merely for reconsideration of a legal issue .... Where the motion is nothing more than a request that the district court change its mind, ... it is not authorized by *Rule* 60(b)." *United States v. Williams,* 674 F.2d 310, 313 (4th Cir.1982); *CNF Constructors, Inc. v. Donohoe Constr. Co.,* 57 F.3d 395, 400 (4th Cir.1995)(per curiam).[2]

---

**2.** The Court is aware of the panel's "observ[ation] that [its] dismissal of this appeal is without prejudice to the right of any party to move the district court, under ... [*Rule*] 60(b), to vacate its judgment." *Pressley Ridge Schools,* 134 F.3d at 1222 (cited authority omitted). Consideration of the *Williams* and *CNF Constructors*

cases, however, was beyond the scope of the panel's opinion, and the panel did not speculate on the merits of a *Rule* 60(b) motion under the circumstances presented here. In fact, the panel's holding that no exceptional circumstances warranted *vacatur,* coupled with *U.S. Bancorp's* stringent view of *vacatur* under similar circum-

Were the motion authorized, the Court would hold no exceptional circumstances warrant *Rule* 60(b) relief. *See National Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir.1993) (listing four threshold conditions for advancing *Rule* 60(b) motion—timeliness, lack of prejudice to opposing party, demonstration of meritorious defense, and existence of exceptional circumstances). As the Court of Appeals noted in rejecting the State's *vacatur* request, that mootness resulted from the State's decision to settle the case does not in itself demonstrate exceptional circumstances. The Court cannot excuse or condone the State's carelessness in choosing their agreed-upon course of action. *See, e.g., Sparrow v. Heller*, 116 F.3d 204 (7th Cir.1997) (stating inexcusable neglect not grounds for granting 60(b)(1) or (b)(6) relief); *United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir.1994) (stating "[w]hen a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect."); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir.1993) (stating ignorance of the law is an insufficient basis for *Rule* 60(b)(1) relief).

Additionally, there is no solid ground to support the State's speculation that the challenged holding will have broad prospective application. Of course, future litigants are free to argue the holding should be extended to a given situation, but, in deciding the case after considerable investment in time and resources, the Court confined its decision to the facts before it.

The Court rejects the State's suggestion that, by scheduling a post-judgment hearing requiring the State to show cause why it should not be held in contempt for ignoring the Court's ruling, the Court forced or encouraged the parties into a hasty, ill-considered settlement. The State's miscalculation of the effect of settlement is its own. The Court scheduled the hearing only when Pressley Ridge averred the State was refus-

ing to comply with the judgment, despite the fact the State did not seek to stay the judgment pending appeal.

Finally, the Court is not satisfied the State has demonstrated the timeliness of its motion. Filed three months after the Fourth Circuit dismissed the appeal, the motion seeks to reopen issues determined by the Court approximately a year-and-a-half ago. *See McLawhorn*, 924 F.2d at 538 (observing the Fourth Circuit has "held on several occasions that a *Rule* 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay.")(citing cases). This civil action was instituted in October 1995. It must terminate at some point.

## III.

For the foregoing reasons, the Court **DENIES** the State's *Rule* 60(b) motion.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

---

stances, to some degree presaged the result this Court reaches today. *See* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3533.10 at 390 (1998 Supplement) (observing *U.S. Bancorp* provides

"no basis … for an optimistic view of the 'exceptional circumstances' caveat," either in the context of appellate *vacatur* or vacation pursuant to *Rule* 60(b)).