**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-7364**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHARLES PYNE,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:04-cr-00018-AW-3)

———————

Submitted: March 25, 2011      Decided: April 15, 2011

———————

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Charles Pyne, Appellant Pro Se. Barbara Suzanne Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Pyne seeks to appeal the district court's order construing his Fed. R. Civ. P. 60(b) motion as an unauthorized successive 28 U.S.C.A. § 2255 (West Supp. 2010) motion and dismissing it on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 368-70 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that, although the district court may have procedurally erred in recharacterizing Pyne's Rule 60(b)(4) motion as a successive

2

§ 2255 motion, application of an alternative procedural ground renders this appeal futile. See Reid, 369 F.3d at 372 n.5. Although Pyne was aware of the alleged error he asserted in his Rule 60(b) motion at the time he appealed the district court's denial of § 2255 relief, he did not raise the issue on appeal. Because a Rule 60(b) motion is not a substitute for an appeal, Pyne cannot assert in a post-judgment motion an issue available to him when he filed his appeal. See Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). In addition, Pyne did not file his Rule 60(b) motion within a reasonable time, as required by Rule 60(c)(1), because he waited three years after the district court denied his § 2255 motion to file it. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) (per curiam) (discussing reasonable time requirement).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED