**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-6942**

———————

WILLIAM SHANKLIN,

                Plaintiff - Appellant,

         v.

KENNETH RANDALL SEALS, Major, Police Officer, individually
and in official capacity; STEVEN HATFIELD, Corporal,
Detective, Police Officer, individually and in official
capacity; TRACI BRYLEWSKI, Sergeant, Detective, Police
Officer, individually and in official capacity; BRIAN
SNYDER, Detective, Police Officer, individually and in
official capacity; JASON K. PRICE, Corporal, Detective,
Police Officer, individually and in official capacity; MARK
D. BEAVERS, Captain, Detective, Police Officer,
individually and in official capacity; MICHAEL FOLSOM,
Crime Analyst, Master Forensic Specialist, individually and
in official capacity,

                Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  M. Hannah Lauck, Magistrate
Judge.  (3:07-cv-00319-MHL)

———————

Submitted:  December 20, 2011        Decided:  January 6, 2012

———————

Before MOTZ, DAVIS, and KEENAN, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

———————

William Shanklin, Appellant Pro Se. William Franklin Devine, WILLIAMS MULLEN, Norfolk, Virginia; Lauren Wheeling, WILLIAMS MULLEN, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Shanklin, a Virginia inmate, seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2006) complaint, the district court's orders denying his motions for appointment of counsel, and the district court's order denying his Fed. R. Civ. P. 60(b) motion for relief.[1] We dismiss in part and affirm in part.

As a threshold matter, we dismiss for lack of jurisdiction Shanklin's appeal of the district court's order dismissing his § 1983 complaint. Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order dismissing the complaint was entered on the docket sheet on July 27, 2010. Shanklin's Fed. R. Civ. P. 59(e) and 60(b) motions were not filed within twenty-eight days after entry of the July 27, 2010 judgment and

---

[1] By consent of the parties and designation of the district court, all proceedings were conducted before a magistrate judge.

3

therefore did not toll the appeal period. See Fed. R. Civ. P. 52(b), 59(e); Fed. R. App. P. 4(a)(4)(A). Shanklin's notice of appeal was filed on July 11, 2011.[2] Because Shanklin failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss his appeal of the district court's July 27, 2010 order.

Shanklin's untimely appeal of the order dismissing the complaint also precludes our review of the district court's orders refusing to appoint Shanklin counsel. See Miller v. Simmons, 814 F.2d 962, 967 (4th Cir. 1987). We therefore dismiss for lack of jurisdiction his appeal of the district court's orders denying appointment of counsel.

Turning to the merits of Shanklin's remaining claim, we find no abuse of discretion in the district court's order denying Shanklin's Rule 60(b) motion. Shanklin has not made the requisite showing for relief under Rule 60(b)(3), as he has failed to "prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claims." McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir.

---

[2] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

4

1991) (internal quotation marks omitted). Shanklin also has failed to demonstrate "extraordinary circumstances" sufficient to justify relief under Rule 60(b)(6). See Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004).

Accordingly, we dismiss Shanklin's appeal of the district court's orders denying appointment of counsel and dismissing his complaint, and we affirm the district court's order denying Shanklin's Rule 60(b) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART