**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1882**

HO WON JEONG,

        Plaintiff - Appellant,

    v.

ANGEL CABRERA; S. DAVID WU; KEVIN AVRUCH,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:18-cv-00443-AJT-TCB)

Submitted: March 12, 2020                    Decided: March 25, 2020

Before FLOYD, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard F. Hawkins, III, THE HAWKINS LAW FIRM, PC, Richmond, Virginia, for Appellant. Mark R. Herring, Attorney General, Toby J. Heytens, Solicitor General, Cynthia V. Bailey, Deputy Attorney General, Deborah A. Love, Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia; Brian Walther, University Counsel, Senior Assistant Attorney General, Eli S. Schlam, Associate University Counsel, Assistant Attorney General, Office of University Counsel, GEORGE MASON UNIVERSITY, Fairfax, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ho Won Jeong appeals from the district court's order denying his Fed. R. Civ. P. 60(b)(3) motion for reconsideration of the dismissal of his complaint. The district court ruled that Jeong's motion was untimely filed over eleven months after the district court's order dismissing his suit. On appeal, Jeong asserts that, given his pro se status, the district court should have sought further information or held a hearing. We affirm.

Disposition of a Rule 60(b) motion is within the discretion of the district court, and such rulings will not be overturned absent an abuse of that discretion. *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991). In addition, the rule provides a remedy that "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." *Id.* Jeong brought his motion under subsection (3) of Rule 60(b), which further requires a showing of fraud, misrepresentation, or misconduct of an adverse party.

In order to qualify for relief under Rule 60(b), the moving party must file the motion "within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Moreover, "the movant must make a showing of timeliness." *Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984). We have held that "a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." *McLawhorn,* 924 F.2d at 538. Jeong's motion was not filed until over eleven months after his complaint was dismissed.

A document filed pro se is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, this solicitude does not transform the district court into an

2

advocate for the pro se litigant. *United States v. Wilson,* 699 F.3d 789, 797 (4th Cir. 2012). Here, Jeong did not address in district court the Appellees' argument that he failed to provide any reason for his delay. In fact, even on appeal (represented by counsel), Jeong does not dispute that all the evidence underlying his Rule 60(b) motion was available to him when he (through counsel) was litigating the motion to dismiss the complaint. Jeong does not argue that his reasons for delay raised complicated factual or legal issues, and in any event, these reasons were strictly within Jeong's knowledge.

Appellees placed Jeong on notice that he needed to show that his motion was filed within a reasonable time, and Jeong simply failed to address the issue in any meaningful way. Given that Jeong had the opportunity to respond to a clearly delineated issue and that he neither did so nor requested further time or assistance, we find that the district court did not abuse its discretion in denying the Rule 60(b) motion without further inquiry or a hearing. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*